UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GRIGORIY N. VOROBEY
and
VERA VOROBEY,

                          Plaintiffs,

v.                                                                             17-CV-1115V(Sr)

CLEVELAND BROTHERS EQUIPMENT CO., INC.
and
KEITH W. BRYSON,

                          Defendants.

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. #3.

Plaintiffs filed this personal injury action in New York State Supreme Court, County of Erie, following a multi-vehicle accident with fatalities in Tioga County, Pennsylvania on August 3, 2016. Dkt. #1. The action was removed to this Court based on diversity jurisdiction. Dkt. #1.

Currently before the Court is defendants' motion to transfer venue to the Middle District of Pennsylvania. Dkt. #4. In support of the motion, defendants argue that this action could have been commenced in the Middle District of Pennsylvania, given that defendants are subject to personal jurisdiction there and there is complete

diversity of citizenship between the parties and a sufficient amount in controversy. Dkt. #6. Cleveland Brothers Equipment Company is incorporated in Delaware with its principal place of business located in Murraysville, Pennsylvania and Keith Bryson is a resident of Watsontown, Pennsylvania. Dkt. #1, p.2 & Dkt. #5, pp.2-3. Moreover, defendants argue that transfer of this action to the Middle District of Pennsylvania would promote convenience and justice because the accident occurred there and the witnesses and the state police and emergency personnel who responded to the accident reside there. Dkt. #6. Specifically, defendants note that thirteen witnesses have been deposed in related state court actions in Pennsylvania, all of whom, with the exception of Mr. Vorobey, reside and/or work within the jurisdiction of the Middle District of Pennsylvania. Dkt. #5, ¶ 14. Defendants argue that they would be unable to secure the testimony of these witnesses in this action if venue is not transferred. Dkt. #6. Furthermore, defendants argue that the applicable law is that of Pennsylvania. Dkt. #6. Finally, defendants note that the Western District of New York has one of the most congested civil dockets in the nation, with a median time from filing to trial of 66.3 months, as compared to 25.5 months in the Middle District of Pennsylvania. Dkt. #6.

In opposition to the motion, plaintiffs argue that liability is not disputed in this action and that the only genuine issue to be resolved is the appropriate amount of damages, an issue which will be decided by testimony of Mr. Vorobey's medical providers, plaintiffs, and their family members, all of whom reside in this district. Dkt. #8. Counsel argues that plaintiffs have limited means while defendants are represented by assigned insurance defense counsel who can litigate this matter in any venue. Dkt. #8.

As evidence of their belief that liability is not disputed, plaintiffs filed a motion for summary judgement as to liability (Dkt. #9), which has been stayed pending resolution of the motion to transfer venue. Dkt. #16.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. In assessing whether such transfer is appropriate, district courts engage in a two-part inquiry: (1) whether an action might have been brought in the proposed forum, and if so, (2) whether transfer to that forum promotes convenience and justice. *Ward v. Stewart*, 133 F. Supp.3d 455, 460 (N.D.N.Y. 2015).

With respect to the first part of the inquiry, the court must determine whether the defendants are subject to personal jurisdiction in that forum and whether venue would be proper there. *Id.* As defendants are residents of the Middle District of Pennsylvania and the alleged tort occurred within the Middle District of Pennsylvania, the action could have been commenced in the Middle District of Pennsylvania.

As to the second part of the inquiry, the court should weigh the following factors: (1) plaintiffs' choice of forum; (2) convenience of the witnesses; (3) location of relevant documents and ease of access to evidence; (4) convenience of the parties; (5) locus of operative facts; (6) availability of process to compel attendance of unwilling witnesses; (7) relative means of the parties; (8) proposed forum's familiarity with the

governing law; and (9) trial efficiency and the interests of justice. *Id.* at 461. Although there is no strict formula for the application of these factors, and no single factor is determinative, the movant bears the burden of establishing the propriety of the transfer. *Id.* In the absence of a clear and convincing showing that the balance of factors favors the proposed forum, the plaintiffs' choice of forum will not be disturbed. *Id.*

The plaintiffs' choice of forum is presumptively entitled to substantial deference. *Id.* This presumption is even stronger where, as here, the chosen forum is also plaintiffs' home. *Id.* at 462. However, the weight ordinarily afforded this factor should be somewhat diminished where, as here, the operative facts underlying the lawsuit have little or no connection to the forum chosen by plaintiffs. *Id.* In this case, all of the factual witnesses (with the exception of Mr. Vorobey), reside in the Middle District of Pennsylvania where the accident occurred and evidence collected from the accident scene was analyzed. Given the distance between the location of the accident and this district, none of those witnesses would be subject to subpoena in this court. Moreover, the applicable law is Pennsylvania common law, the nuances of which the Middle District of Pennsylvania is clearly more familiar. In addition, the Middle District of Pennsylvania is in a superior position to provide the parties with a swift resolution of these claims. Thus, while the court recognizes that plaintiffs' witnesses regarding damages are located within this district, those individuals are within plaintiffs' control and the distance between here and the Middle District of Pennsylvania is not so great as to impose an undue burden upon them. Accordingly, the Court finds that the balance of factors favors transfer of this action to the Middle District of Pennsylvania.

Therefore, it is hereby **ORDERED** that the motion to transfer venue to the Middle District of Pennsylvania be **GRANTED**.

The Clerk of the Court is directed to take such action as is necessary to effectuate the transfer of this action to the Middle District of Pennsylvania.

**SO ORDERED.**

DATED: Buffalo, New York
April 5, 2018

    *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**